UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CHRISTY PUGH BASINGER** <br> **on behalf of her minor son** <br> **KSB** | CIVIL ACTION NO. _____ |
| **VERSUS** | DISTRICT JUDGE_____ |
| **UNITED STATES OF AMERICA** | MAGISTRATE JUDGE HORNSBY |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes CHRISTY PUGH BASINGER on behalf of her minor son KSB, residents of and domiciled in Caddo Parish, Louisiana, and with respect represents:

1.

Jurisdiction is proper in this court because this action is brought under the Federal Tort Claims Act, 28 U.S.C. §1346(b) seeking damages for personal injury and wrongful death, in accordance with the provisions of both Arkansas law (Ark. Code Ann. §16-62-102, et seq.) and Louisiana law (Civil Code articles 2315, et seq.), caused by the negligence and fault of the United States of America and its agencies, the U.S. Forest Service and the National Oceanic and Atmospheric Administration/National Weather Service, and their representatives.

2.

Venue is proper in this court under the provisions of 28 U.S.C. §1402(b), since this is a tort claim against the United States under §1346(b) and the plaintiff resides in this district.

3.

Christy Pugh Basinger is the mother of KSB, who was born in Shreveport in November, 1995, during her marriage to Shane Edward Basinger, the father of KSB. Christy and Shane Basinger were divorced in August of 2000 and shared custody of KSB thereafter until Shane's death on June 11, 2010 as a result of the negligence giving rise to this action. Christy Pugh Basinger is thus the natural tutrix of her minor son of right and without appointment, as provided by Louisiana Civil Code articles 248 and 250, and Louisiana Code of Civil Procedure article 4061.1(A)(1).

4.

On or about May 26, 2011, plaintiff submitted the properly stated administrative claim by Standard Form 95 to both the U.S. Department of Agriculture/U.S. Forest Service and the National Oceanic and Atmospheric Administration/National Weather Service by certified mail, return receipt requested. The claims were received by each agency on or about June 1, 2011. The claims have been acknowledged but not resolved. More than 6 months have thus passed without a final disposition and plaintiffs may elect to proceed to Court pursuant to 28 U.S.C. §2675(a).

5.

The Albert Pike Recreation Area ("the Albert Pike") of the Ouachita National Forest in Montgomery County, Arkansas is managed by the U.S. Forest Service through its Caddo-Womble Ranger District Office in Glenwood, Arkansas. It contains some 54 campsites arranged along four separate loop roads, known as Loops A, B, C and D. The Loop D campground was the most recently added of the four and is at the lowest elevation with respect to the Little Missouri River.

6.

The Albert Pike has a long and well-documented history of flooding events dating back to at least 1940. Since 1940, there have been at least ten documented flood events in the years 1940, 1961, 1975, 1982, 1987, 1990, 2001, 2006, 2008, and 2010. There have been 13 flood incident reports evidencing severe weather, flooding and property damage resulting from severe weather between March 27, 2000 and September 2, 2008.

7.

On June 11, 2010, the family of Anthony and Candace Smith and the family of Shane and Kerri Basinger were camping in tents and a camper in the Loop D campground in the Albert Pike. Shane Basinger was accompanied by Jadyn and Kinsley, his daughters by Kerri, as well as his son KSB, the plaintiff herein. Also in the group were two other friends of KSB, Austin and Brady.

8.

At about 3:00 a.m. on June 11, 2010, the Little Missouri River, where it runs through the Albert Pike, rose roughly three feet to a depth of more than 23 feet, overrunning its banks into the Loop D campground where KSB was camping with his family and friends. This flooding event was preceded by a rainfall of more than 7 inches overnight.

9.

As water entered the tents where the group was sleeping, KSB and the others sought refuge in the Smiths' truck. KSB and his father, Shane Basinger were in the bed of the truck when the rapidly rising waters pulled Shane out of the bed of the truck. Shane's last words to his son KSB were to let Shane go and to save himself. Shane drowned in the night. KSB was swept to a large tree, where Anthony Smith helped boost him into the branches above the water before Anthony Smith was himself swept away to his death.

10.

KSB clung to the tree throughout the remainder of the night with dead bodies passing by beneath him and the cries of victims echoing through the campground. When day broke and the water subsided, KSB came down and helped recover the body of one of his friends and to rescue a woman clinging to a branch with her child in the still swollen river. Six members of the camping group died that night, including KSB's father Shane Basinger and KSB's two half-sisters, Jadyn and Kinsley.

Kinsley's body was not recovered until June 14, and was the twentieth and last casualty of the flood found by the combined efforts of search planes, helicopters, and hundreds of volunteers and divers combing the campgrounds and the forest downstream.

11.

The force of the flood waters was so great that vehicles, including the two in KSB's camping group, were demolished and carried away. Portions of the asphalt road itself were torn from the ground and deposited on top of concrete picnic tables.

12.

KSB suffered physical injuries, including cuts and abrasions to his body, but suffered more serious psychological and emotional injuries, including post-traumatic stress, nightmares, rages, and insomnia, which have damaged his academic performance in school and caused the need for medical and psychological treatment and counseling, and will affect him for the rest of his life.

13.

These damages would not have occurred but for the fault of the defendant. The U.S. Forest Service was put on notice well before the flooding incident of the dangers of locating and constructing the Loop D campground within a 100-year flood plain, and even had actual notice of previous floods in that area. The Review Team Report issued by the U.S. Department of Agriculture after this flood notes that the District

Ranger who supervised the construction of the campground had been warned of the danger by a Forest Service soil scientist in 2001.

14.

Both the U.S. Forest Service and the National Weather Service of the National Oceanic and Atmospheric Administration failed to properly maintain the severe weather and flooding warning system within the Albert Pike and failed to correct known communications problems that prevented campers from learning of the imminent danger of flooding at the Loop D campground.

15.

Defendant breached its duty to exercise reasonable care for the safety of the public using the Albert Pike campgrounds in the following, non-exclusive, manner:

A. negligently failing to take appropriate steps to reduce the risk of flooding and to protect the safety of visitors to the Albert Pike in violation of agency directives and executive orders by placing signs and other conspicuous warnings of the highest past flooding levels and 100-year flood heights in identified flood hazard areas and in public use areas which have suffered flood damage;

B. negligently failing to place priority on those areas within the Albert Pike, such a Loop D, where the probability of rapid rises of water level and flash flooding is greatest, where flood warning time is minimal, or where critical structures and facilities are involved;

C. negligently failing to properly determine the flood plain elevation for Loop D in violation of Forest Service directives;

D. negligently failing to exercise reasonable care in the proposal, approval, development, design, construction, location and maintenance of Loop D, in violation of Forest Service directives, by acts including:

(1) failing to properly prepare the Environmental Assessment pertaining to the construction of Loop D campsites, and ignoring documentation showing that proposed campsites in Loop D were located in the 100-year flood plain, thus triggering Forest Service directives on building in a flood plain and the requirement of flood warning signage;

(2) failing to comply with the mandate of the National Environmental Protection Act to prepare an Environmental Impact Statement, since Loop D was a major Federal action that significantly affected the quality of the human environment;

(3) the use of improper and unauthorized methods to determine the 100-year flood plain elevation;

(4) failing to design and build Loop D in an alternate location outside the 100-year flood plain, as required by the Land and Resource Management Plan in effect in June of 2010;

(5) failing to take notice of dangers that were known or should have been known and to inform the engineers, architects and builders about the flooding risks of locating the Loop D campground in a flood plain; and

(6) disregarding recommendations to limit camping in Loop D to primitive camping by not installing electricity, water and sewage hook-ups;

E. negligently failing to post flood hazard warning signs and notices or to otherwise warn campers of the dangers of flooding in the area when there was a record of flooding at the Albert Pike, in violation of Forest Service internal directives, including Directive 2527.5 and EM-7100-15 §13.2;

F. negligently failing to train employees on the flood hazard sign requirements and other directives concerning flood hazards and mitigation as contained in the Forest Service's manuals;

G. negligently failing to properly consider prior flooding incidents during required annual inspections of the Albert Pike which should have put defendant on notice of the need for appropriate signage or other warnings;

H. negligently failing to properly train volunteer hosts at the Albert Pike in responding to an emergency situation such as flash flooding, and failing to inform these hosts that Loop D is in a flood plain and subject to flooding;

I. negligently failing to develop a contingency plan or other mitigation steps to deal with a major flooding event at the Albert Pike, including an adequate warning system to notify campers and advise them where to go or what to do in the event of flooding;

J. negligently failing to take appropriate steps to monitor and ensure the safety of campers, including failing to evacuate the campers at Loop D in a timely fashion;

K. negligently failing to repair a broken radio repeater, which resulted in an inability to communicate via radio and the loss of 24-hour dispatch services;

L. negligently failing to correct reported broadcast transmission problems and known communication issues within the Albert Pike, as required for the safety of the campers, including without limitation:

(1) failing to provide a NOAA/National Weather Service weather radio to the campground volunteer hosts at the Albert Pike to ensure that campers would be alerted of dangerous weather conditions in the area;

(2) failing to implement alternate means of communication to ensure the safety of the campers and the employees, in view of the topography of the Albert Pike, the malfunctioning radio tower repeaters, and the known lack of cellular reception; and

(3) failing to correct or repair a fallen broadcasting tower covering the Albert Pike, which would have improved communications within it.

WHEREFORE, CHRISTY PUGH BASINGER on behalf of her minor son KSB prays that there be judgment herein in their favor and against defendant, United States of America for a reasonable sum in dollars for all of the physical, emotional and psychological injuries and damages and medical and counseling expenses suffered by KSB, past and future, as well as the loss of love and affection and support caused by the wrongful death of his father, any punitive or exemplary damages provided by law,

together with legal interest from the date of judicial demand until paid, and all costs of this proceeding, as well as all general necessary and equitable relief.

                Respectfully submitted,

                      Sam N. Gregorio
                      Roy S. Payne
                      Julie Payne Johnson
                      GREGORIO, GREGORY, PAYNE
                          CHAFIN & JOHNSON
                      7600 Fern Ave., Building 700
                      Shreveport, La. 71105
                      Tel. No. (318) 865-8680
                      Fax No. (318) 865-8565
                      By /s/ Roy S. Payne
                          La. Bar Roll No. 10360 T.A.
                          rpayne@ggp-law.com

                      ATTORNEYS FOR PLAINTIFF